**FOSTER v. BIDDLE, Warden.**

(Circuit Court of Appeals, Eighth Circuit.
August 16, 1926.)

No. 7093.

1. **Post office ⚌44—Statute as to taking mail from depository or receptacle therefor held not necessarily to refer to same kind of depository or receptacle, in view of regulation of Post Office Department. (Penal Code, §§ 194, 198 [Comp. St. §§ 10364, 10368]).**

Penal Code, § 194 (Comp. St. § 10364), as to taking mail from authorized depository therefor, and section 198 (Comp. St. § 10368), as to taking it from receptacle established or approved by Postmaster General therefor, *held* not necessarily to refer to same kind of depository or receptacle, in view of regulation of Post Office Department, authorizing postmasters to locate, according to their judgment, receiving boxes within city delivery limits.

2. **Evidence ⚌47.**

Federal court takes judicial notice of regulation of Post Office Department.

3. **Post office ⚌51.**

Acts described by indictment charging abstracting of letters from authorized depositories for mail matter *held* punishable under Penal Code, § 194, relative to term of imprisonment (Comp. St. § 10364).

4. **Criminal law ⚌1216(2).**

Imposition of cumulative sentences for abstracting letters from different receiving boxes is in court's discretion.

5. **Habeas corpus ⚌59.**

Hearing and dismissing petition for habeas corpus against prison warden, in whose custody petitioner was, without making order requiring production in court of petitioner, *held* not error.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus proceeding by Frank Foster against W. I. Biddle, Warden of the United States penitentiary, Leavenworth, Kan. Petition dismissed, and petitioner appeals. Affirmed.

Frank Foster, per se.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

MUNGER, District Judge. The appellant is confined in the United States penitentiary at Leavenworth, Kan., under the custody of the appellee, the warden of the penitentiary, in execution of a sentence imposed upon him by the United States District Court for the Eastern District of Missouri. He pleaded guilty to an indictment found against

him which contained five counts. Each count charged that in March, 1915, he unlawfully stole, took, and abstracted letters from and out of a receiving box for the deposit of mail matter. The location of the five receiving boxes is sufficiently stated in the indictment, and the letters are sufficiently described. The sentence was to imprisonment for a period of 4 years on each count, and the terms of imprisonment were made consecutive, making a total period of 20 years' imprisonment. A fine was also imposed. The appellant filed a petition in the District Court of the district where he was confined, praying that a writ of habeas corpus should be issued and that he should be discharged from further imprisonment under the sentence. The petition was dismissed, upon a motion of the warden, and the petitioner has appealed.

The theory of the appellant is that the offenses stated in the indictment were punishable only under section 198 of the Penal Code (Comp. St. § 10368), and that he has served the full maximum term of imprisonment permissible under that section. He also claims that cumulative sentences could not be imposed. The appellee claims that the indictment charged offenses committed against the provisions of section 194 of the Penal Code (Comp. St. § 10364) and that the period of imprisonment has not terminated. Section 194 provided a punishment for any one who should steal, take or abstract any letter from or out of any mail, post office, or station thereof, or other authorized depository for mail matter. Section 198, as it existed at the time of the offense, provided a punishment for any one who should willfully injure, deface or destroy any mail matter deposited in any letter box, pillar box, lock box, lock drawer, or other receptacle established or approved by the Postmaster General for the safe deposit of matter for the mail or for delivery, or who should willfully take or steal such matter from or out of any such letter box, pillar box, lock box, lock drawer or other receptacle.

The indictment follows the language of section 194 of the Penal Code, and does not use the language of section 198. The indictment embraces a charge that the petitioner did "abstract" the letters. Section 194 makes it an offense to abstract letters from the mail, but the word "abstract" does not appear in section 198. Section 198 makes punishable the stealing or taking of mail matter if it is done willfully, but the word "willfully" does not appear in section 194, nor in the indictment. Section 194 covers the offense of stealing, taking or abstracting a letter from or out of an authorized depository for mail matter,

while section 198 covers the stealing or taking of mail matter from or out of a receptacle established or approved by the Postmaster General for the safe deposit of matter for the mail or for delivery.

The indictment charges that the letters were taken from authorized depositories for mail matter, but does not charge that the depositories were established or approved by the Postmaster General. The depositories are described in the indictment as receiving boxes for mail matter and the locations in the city of St. Louis, Mo., are stated.

[1, 2] The two sections of the Penal Code do not necessarily refer to the same kind of a depository or receptacle, because by a regulation of the Post Office Department (Postal Laws and Regulations 1913, § 673) in force at the time of the commission of these offenses, and of which we take judicial notice (Caha v. United States, 152 U. S. 211, 221, 14 S. Ct. 513, 38 L. Ed. 415; Wilkins v. United States, 96 F. 837, 841, 37 C. C. A. 588), postmasters had authority to locate receiving boxes within city delivery limits, in places where in their judgment they were most needed.

[3] Without determining what would be the effect if the same act was made an offense under section 194 and section 198 of the Penal Code, it is clear that the acts described in this indictment were punishable under section 194, and the sentences imposed were not beyond the limits prescribed in that section.

[4] The imposition of cumulative sentences was within the discretion of the court. Ebeling v. Morgan, 237 U. S. 625, 628, 35 S. Ct. 710, 59 L. Ed. 1151; Chadwick v. United States, 141 F. 225, 247, 72 C. C. A. 343; Howard v. United States, 75 F. 986, 993, 21 C. C. A. 586, 34 L. R. A. 509.

[5] The petitioner also assigns as error that the court failed to make an order requiring the production of the body of the petitioner in court. In Ex parte Milligan, 4 Wall. 2, 110, 18 L. Ed. 281, 292, the right of a petitioner for a writ of habeas corpus to be present in court when his petition is heard was considered and the court said in that case:

"It is true that it is usual for a court, on application for a writ of habeas corpus, to issue the writ, and, on the return, to dispose of the case; but the court can elect to waive the issuing of the writ and consider whether, upon the facts presented in the petition, the prisoner, if brought before it, could be discharged. One of the very points on which the case of Tobias Watkins, reported in 3 Pet. 193 [7 L. Ed. 650], turned, was, whether, if the writ was issued, the petitioner would be remanded upon the case which he had

made. The Chief Justice, in delivering the opinion of the court, said: 'The cause of imprisonment is shown as fully by the petitioner as it could appear on the return of the writ; consequently the writ ought not to be awarded if the court is satisfied that the prisoner would be remanded to prison.' The judges of the Circuit Court of Indiana were therefore warranted by an express decision of this court in refusing the writ, if satisfied that the prisoner on his own showing was rightfully detained."

It is also permissible for the court, on an application for a writ of habeas corpus, to issue a rule, in the nature of an order to show cause, on the person alleged to have the custody of the prisoner, instead of issuing the writ at that stage of the proceedings. Such a procedure was adopted by the Supreme Court in Ex parte Yarbrough, 110 U. S. 651, 653, 4 S. Ct. 152 (28 L. Ed. 274), and the court said of the petition, the order to show cause, and the return to such order:

"As this return is precisely the same that the superintendent would make if the writ of habeas corpus had been served on him, the court here can determine the right of the prisoners to be released on this rule to show cause, as correctly and with more convenience in the administration of justice, than if the prisoners were present under the writ in the custody of the superintendent; and such is the practice of this court."

This practice has also been approved by this court. Murdock v. Pollock, 229 F. 392, 393, 143 C. C. A. 512, and in Ex parte Collins (C. C.) 154 F. 980, 982. The judgment will be affirmed.