## UNITED STATES v. SEHON CHINN.
### Cr. No. 7398.

United States District Court
S. D. West Virginia, Huntington Division.
May 26, 1949.

See, also, 85 F.Supp. 561.

L. E. Given, United States Attorney, Charleston, W. Va., Philip A. Baer and Milton J. Ferguson, Assistant United States Attorneys, Huntington, W. Va., for plaintiff.

Sehon Chinn, pro se.

WATKINS, District Judge.

This is a motion by defendant, who is now imprisoned at Alcatraz, Cal., to vacate a sentence of 4 years imposed upon him by this court in this case. A similar motion was made to vacate the sentence in this case on March 10, 1946, which was denied. U. S. v. Sehon Chinn, D.C.W.Va., 5 F. R.D. 226. Upon appeal such judgment was affirmed. Sehon Chinn v. United States, 4 Cir., 157 F.2d 1013.

The indictment charged that, "on or about the 5th day of January A.D. 1943, at Huntington, County of Cabell, State of West Virginia, district aforesaid and within the jurisdiction of this court, Sehon Chinn did knowingly, wilfully, unlawfully and feloniously take, abstract and steal from and out of a mail box at 609 West 9th Avenue, Huntington, West Virginia, being then and there an authorized depository for the receipt of mail matter and delivery thereof by the Post Office Department of the United States, a certain envelope addressed to Mrs. William M. Smith, 609 West 9th Avenue, Huntington, West Virginia * * * in violation of Title 18, Section 317, United States Code * * *".

On the 11th day of May, 1944, in the presence of counsel employed by him, defendant pleaded guilty to this indictment and was given a sentence of 4 years.

The pertinent portion of Section 317, [revised § 1708], Title 18 U.S.C.A., under which the indictment in this case was drawn, is as follows: "Whoever shall steal, take, or abstract, or by fraud or deception obtain, from or out of any mail, post office or station thereof, or other authorized depository for mail matter * * * any letter * * * shall be fined not more than $2,000 or imprisoned not more than 5 years, or both."

In his last petition to vacate sentence, defendant does not deny that he stole, or by fraud and deception obtained from the house mail box of Mrs. William M. Smith, located at 609 West 9th Avenue, Huntington, West Virginia, a letter addressed to Mrs. William M. Smith and deposited in her mail box, as charged in the indictment. The basis of his motion is that the theft of the letter from a house letter box does not come within and constitute a violation of Section 317, Title 18 U.S.C.A., in that such privately owned mail box is not an authorized depository for mail matter.

Petitioner cites the following cases in support of his contention: United States v. Lee, C.C.1898, 90 F. 256; United States v. Safford, D.C.Mo.1895, 66 F. 942; and United States v. Huilsman, D.C.Mo.1899, 94 F. 486.

It is significant that these cases were all decided prior to 1900, and were all brought under Rev.St. 3892, which then provided as follows: "Any person who shall take any letter, postal card, or packet * * * out of a post-office or branch post-office, or from a letter or mail carrier, or which has been in any post-office or branch post-office or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed * * * shall be punishable by a fine * * * or by imprisonment * * * or by both."

This statute was entirely different from Section 317 of Title 18 U.S.C.A. upon which this indictment was founded. In those cases it was held that, under the stat-

ute as it then existed, the government's control of the mail ended when such mail was delivered in accordance with the direction of the sender. This prosecution is based upon the Act of March 4, 1909, Section 194, which later became Section 317 of Title 18 U.S.C.A., which makes it an offense for any person to "steal, take, or abstract * * * from * * * any * * * authorized depository for mail matter * * any letter * * *."

Section 161 of the Revised Statutes of the United States, Comp.Stat.1916, § 235, 5 U.S.C.A. § 22, provides that, "The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department."

Under this authority a regulation was promulgated as an order of the Post Office Department and is still in effect and contained in Postal Laws and Regulations, 1940, Section 947, Paragraph 3, as follows: "Every letter box, or other receptacle intended or used for the receipt or delivery of mail matter on any city delivery route, rural delivery route, star route, or other mail route, is hereby designated a letter box for the receipt and delivery of mail matter, and an authorized depository for mail matter within the meaning of the Act of March 4, 1909."

Such regulation was within the provision of Section 161 of the Revised Statutes. Rosen v. United States, 1917, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406. In the Rosen case, the court said, 245 U.S. at page 473, 38 S.Ct. page 151: "The suggestion that when the mail was deposited in a privately owned box it passed out of the custody of the government and beyond the protection of the law does not deserve extended notice. The letters which were stolen did not reach the manual possession of the persons to whom they were addressed, but were taken from an authorized depository over which the Act of Congress, by its express terms, extended its protection until its function had been served."

Other cases cited by petitioner in no way support his position.

Furthermore, it must be borne in mind that the motion to vacate sentence un-

der Section 2255 of New Title 28, and the right to proceed by habeas corpus, can not be used to review the proceedings had on the trial. Sentence on conviction after plea of guilty is the same as if he had been found guilty after a trial by court or by a jury.

By amendment to his original motion to vacate sentence and correct judgment, petitioner asserts that the sentence of 4 years is excessive to the extent of 1 year. He says that the indictment was drawn under Sec. 317 of Title 18 U.S.C.A. containing a maximum sentence of 5 years, whereas the indictment should have been drawn under Sec. 321 [revised § 1705] of Title 18 U.S.C.A. wherein the maximum sentence is 3 years. Petitioner admits that he could be proceeded against under Sec. 317, 18 U.S.C.A., but that in such event the sentence imposed upon him could not exceed the maximum penalty of 3 years as prescribed in Sec. 321, and that since he received a sentence of 4 years, it is excessive to the extent of 1 year.

This court has previously decided that this indictment charges an offense under Sec. 317. U. S. v. Sehon Chinn, D.C., 5 F.R.D. 226. Upon appeal this decision was affirmed. Sehon Chinn v. United States, 4 Cir., 157 F.2d 1013.

In Foster v. Biddle, 8 Cir., 14 F.2d 280, the court considered which section was the proper one under which the government should proceed, and there held that Sec. 317, Title 18 U.S.C.A., as to taking mail from an authorized depository therefor, and Sec. 321 as to taking it from a receptacle established or approved by Postmaster General therefor, did not necessarily refer to same kind of depository or receptacle, in view of regulation of Post Office Department.

If either statute could be called a specific instead of a general statute, Sec. 317, with the regulation adopted pursuant thereto, would seem to be the more specific when applied to the facts of this case. It may be noted that the title of Sec. 317 is "Stealing, secreting, or embezzling mail matter", while Sec. 321 which petitioner maintains is the specific statute, is titled "Injury to letter boxes".

In the revisor's notes of the revised Title 18 Sec. 1708, which is the revision of the two sections involved here, it is stated, "No cases are reported of prosecutions for mail theft under section 321 of title 18, U.S.C., 1940 ed., which relates primarily to malicious mischief respecting letter boxes." The same note points out that the words "'letter box, mail receptacle, or any mail route' are from section 321 of title 18, U.S.C., 1940 ed. Such receptacles are authorized depositaries." Rosen v. U. S., supra; Foster v. Biddle, supra.

The case of Huebner v. United States, 6 Cir., 28 F.2d 929, 930, relied upon by petitioner, related to the statutes and regulations as they existed in 1924, the date of the alleged Huebner offense. Prior to February 25, 1925, Sec. 317 made no reference to any "collection box or other authorized depository," but the term "other authorized depository" was only used in association with "a post office or station thereof." The section then made no express reference to any letter box of any kind or location. At that time there was no postal regulation constituting any such private letter box an "other depository" under section 317. The opinion points out that it was not until May 5, 1928, that the regulation was amended so as to read that such a box is "hereby designated a letter box for the receipt or delivery of mail matter and an authorized depository for mail matter within the meaning of the Act of March 4, 1909 * * *."

The indictment clearly states an offense against the laws of the United States, namely, stealing mail from an "authorized depository" of mail matter. The court had jurisdiction to impose the sentence and the sentence was not in violation of the constitution or laws of the United States. The motion to vacate the sentence as amended is denied.