## UNITED STATES v. ASKEY.

### Cr. No. 5880.

United States District Court
S. D. Texas, Corpus Christi Division.
Nov. 20, 1952.

Brian S. Odem, U. S. Atty., and Jack D. Childers, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Edmond J. Ford, Jr., Corpus Christi, Tex., for defendant.

ALLRED, District Judge.

Counts 1 and 2 of the indictment charged defendant with violating 18 U.S.C. § 1708. Counts 3 and 4 charged violation of 18 U.S.C. § 495. The court sustained a motion to dismiss Count 2 and submitted the remaining counts to a jury which found defendant guilty as charged. The court had carried defendant's motion for judgment of acquittal on Count 1 along with the case. After receiving the verdict, the court announced that the verdict would be set aside as to Count 1. Defendant was sentenced on Counts 3 and 4. The purpose of this memorandum is to reflect the basis of the court's ruling on Counts 1 and 2.

18 U.S.C. § 1708 reads, so far as applicable here, as follows:

"Whoever steals, takes, or abstracts * * * from or out of any mail, post office, or station thereof, letter box, mail receptacle * * * or other *authorized depository* for mail matter * * * any letter * * * or abstracts or removes from any *such letter* * * * any article or thing * * * therein * * *." (Emphasis supplied.)

Omitting formal parts, Count 2 charges that defendant unlawfully abstracted and removed "from a letter addressed to Annice Beatrice Brown * * * the contents of such letter"—a described Treasury check. There is no allegation that the letter, from which defendant abstracted the treasury check, was a *mailed* letter or one which had been removed from some office, station, letter box, receptacle or authorized depository. The language last quoted above from the statute prohibits the abstracting or removing from "such letter," clearly referring back to the first part of the statute, dealing with letters *in the mails,* or taken from some post office, receptacle or depository. In other words, it would be

no offense to remove the contents of a letter never deposited for mailing or transmitted through the mails; yet, that is all that is charged in Count 2. It charges no offense.

Count 1 sufficiently charges the taking of a described letter from an authorized depository for mail. The motion for verdict of acquittal goes to the sufficiency of the evidence as to whether the place from which defendant removed the letter was an authorized depository for mail matter.

The letter in question, containing a treasury check, was addressed to Annice Beatrice Brown, 1608 Chipito Street, Corpus Christi, Texas. It was delivered by a city carrier, at the address given, by dropping it through a small letter slot in the wall at the left of the door. It simply dropped on the floor, as did all other mail at this address. No receptacle or box or container was provided.

Annice Beatrice Brown formerly received her mail at this address but had removed from Corpus Christi. Defendant lived with two other men at the Chipito Street address but received his mail at 2310 Nueces Street. He picked up the letter in question, and, apparently after seeing its nature, abstracted the check, caused an endorsement to be forged on it and cashed it.

The Post Office Department long ago issued an authorized regulation, designating a *letter box* for the receipt or delivery of mail matter as "Any letter box or other receptacle intended or used for the receipt or delivery of mail matter on any city delivery route * * * or other mail route * * *." Rosen v. United States, 245 U.S. 467, 472, 38 S.Ct. 148, 150, 62 L.Ed. 406. This definition was later extended so as to designate a letter box as an "authorized depository for mail matter." United States v. Sehon Chinn, D.C.W.Va., 85 F. Supp. 558, 559.

■■ It is clear under the facts stated that the letter was not taken from "an authorized depository for mail matter" by being picked up from the floor of the house where defendant lived.[1] Receptacle means:

"That which serves or is used, for receiving and containing or sheltering; a repository; now usually a container; a holder; as a *receptacle* for refuse." Webster's New International Dictionary, 2nd Ed. While for some purposes—such as storage for grain—a room might be a "receptacle," it must be defined in keeping with the subject matter—here, mail, letters, parcel post packages. Under the rule of ejusdem generis, "receptacle" as defined by the Post Office Department is used in the same sense as "box," the word immediately preceding it and the only other descriptive term employed. Under the same rule, it would have to be of the same general nature as the other words used in the statute—"mail, postoffice station, letter, box, receptacle." A floor in a private home where mail is delivered to several persons, equally accessible to all, simply is not an "authorized depository for mail matter."

The jury verdict on Count 1, therefore, was set aside and defendant's motion for verdict of acquittal granted.

The Clerk will notify counsel of the entry of this memorandum.

---

1. Cf. Huebner v. United States, 6 Cir., 28 F.2d 929; United States v. Lophansky, D.C. Pa., 232 F. 297.