### UNITED STATES of America
### v.
### Lozell Denise THOMAS, a/k/a Lozell Ballard, a/k/a Candy Denise Chatman.
### No. CR-2-627.

United States District Court,
N. D. Texas,
Amarillo Division.

July 5, 1973.

Frank D. McCown, U. S. Atty., by Robert B. Wilson, Asst. U. S. Atty., Lubbock, Tex., for plaintiff.

E. T. Manning, Jr., Amarillo, Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, District Judge.

The defendant in the above case was charged by indictment with violating Title 18 U.S.C. § 1708, in that the defendant was charged to have unlawfully in her possession an article (a check) which had been stolen from an authorized depository of mail knowing the same to have been stolen. The case was tried before a jury on the 11th day of June, 1973, and the jury returned its verdict of guilty to the one-count indictment.

The defendant has now filed her motion for judgment of acquittal alleging three grounds:

(a) That there is no evidence or insufficient evidence that the check was taken or stolen from an authorized depository for mail matter;

(b) That there is no evidence or the evidence is insufficient to show that the check was stolen; or

(c) There is no evidence or the evidence is insufficient to show that the defendant had knowledge that the check was taken or stolen from an authorized depository for mail matter.

■■■■ The Court has carefully reexamined the entire record in this case and has reviewed the evidence introduced at the trial and is of the opinion that grounds (b) and (c) above are not sufficient to support the motion for a judgment of acquittal, as the Court is of the opinion that there was sufficient evidence to show that the check in question was stolen and that the defendant had knowledge that the check was stolen. It is not necessary that the defendant have knowledge that the check was stolen from an authorized depository for mail, but only that she had knowledge that the check was stolen.

A witness who confessed to being an accomplice with the defendant in this case testified that she was one of several persons, including the defendant, who had been in Little Rock, Arkansas, and that this group had made a practice of stealing and taking mail from various mail depositories at residences in that city. It was their plan to take the blank checks, which had been imprinted with an account number and name. Then the group would steal mail from depositories at other residences and would gain information that would give them the name and account number of a depositor in the second city. The check taken in the first city would then be completed and a deposit slip made out as if by the depositor in the second city, the check placed for deposit with the bank, and a certain amount thereof deducted as cash to be received from the teller. It was the process of depositing such a check in Amarillo, Texas, that led to the defendant's apprehension in this case.

Evidence in this case further showed that the victim in Little Rock, Arkansas, Reverend J. V. Cooper, testified that the

check in question had been one drawn by another on his bank account and that he had previously ordered blank checks when he needed them from his bank and that they would be mailed to him. However, he testified that his mail slot was not large enough to accommodate the package containing these checks and that they were usually placed on the porch floor.

It is the defendant's position that the above evidence is not sufficient to show that the check in question had been taken or stolen from an authorized depository for mail matter, since the porch floor was not such an authorized depository, citing United States v. Davis, 461 F.2d 83 (5th Cir. 1972); United States v. Askey, 108 F.Supp. 408 (S.D.Tex. 1952); and the Postal Regulations, 39 C.F.R. § 154.82, wherein it is prohibited that parcels be left on porches, steps or elsewhere unprotected except on the written order of the customer. Clearly under these authorities the porch of Reverend Cooper would not be an authorized depository for mail within the meaning of 18 U.S.C. § 1708.

However, the Government argues that the evidence showed that the checks had been printed and duly and regularly deposited in the United States Mail for delivery to Reverend Cooper, and that such evidence would support the conclusion that the check was actually stolen from the mails. They further argue that a letter properly mailed and never received by the addressee, and then later found in improper hands, can be found to have been stolen from the mails. Admittedly such evidence was before the jury in this case, and in the absence of any other evidence the jury could properly have found beyond a reasonable doubt that the check in question in this case had actually been stolen from the mails or an authorized depository of the mails. The Government cites United States v.

Hines, 256 F.2d 561 (2 Cir. 1958), as authority for their position. This case and the others cited by the Government can be readily distinguished from the case under consideration by this Court as there was other evidence proffered (on cross examination of the Government's witnesses by the defendant) that completely rebuts any inference that the check was taken from the mails or an authorized depository. The evidence is undisputed that the check in question in this case had been taken from the porch of Reverend Cooper, and the testimony of the accomplice-witness concerning the acitivities of this group in Little Rock, Arkansas, is too precise for this Court to ignore the obvious—that the check was stolen at Reverend Cooper's residence and not while in transit by the Postal Service. The fact that the checks had been mailed to Reverend Cooper could raise an inference that they were stolen while still in the "mail" but this has been more than adequately rebutted and such inference has been destroyed in this case. Although the jury need not grasp for improbable explanations, in this case the explanation shown by the testimony is uncontradicted from the Government's own witness.

Accordingly, this Court does not find that it has been proven beyond a reasonable doubt that the check in question was stolen from an authorized depository for mail as charged in the indictment. Although it is not necessary that the defendant be shown to have knowledge that it was stolen from such an authorized depository, her knowledge being necessary only to the fact that she knew it was stolen, it is incumbent upon the Government to prove beyond a reasonable doubt that the check was in fact one stolen from an authorized depository of mail. The evidence falls short of so showing in this case, and the motion for judgment of acquittal will be granted accordingly.