**UNITED STATES of America**

v.

**Erin M. NOLAN, Appellant.**

**No. 85–3459.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 19, 1986.

Decided Feb. 28, 1986.

George E. Schumacher, Federal Public Defender, Thomas S. White, Asst. Federal Public Defender, Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Constance M. Bowder, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

---

Before WEIS, SLOVITER and VAN DU-SEN, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Erin Nolan was convicted of violating 18 U.S.C. § 1708 for possession of checks stolen from the mail. The facts are undisputed. On the relevant date, Nolan lived in the second floor apartment of a two-unit dwelling in Pittsburgh, Pennsylvania. Entrance to both units is through a common front door which is kept locked. Each apartment has an interior door which is also kept locked.

The house contains no mailboxes. All mail to residents of the house is delivered by the mail carrier's pushing it through a mailslot adjacent to the front door. The mail then falls on the floor of a common hallway. In practice, the occupants of the house would pick up any letters addressed to themselves and would leave the remainder on the radiator cover near the door, on the banister of the stairway, or under the other tenant's interior door.

Nolan admitted that on or about November 18, 1983 she and her roommate, Ms. Sandy Phillips, picked up three envelopes tied with a rubber band around them which were lying on the floor beneath the mailslot and which were addressed to Ronald Evans, a resident in the first floor apartment. The envelopes contained three Pennsylvania Treasury checks made payable to Evans in the amount of $171.00 mailed to him by the Pennsylvania Office of Unemployment Compensation. Subsequently, Nolan cashed the checks at a card shop and she played the lottery there with some of the proceeds.

At trial, Nolan's counsel moved for judgment of acquittal on the basis that the government did not prove that the letters were stolen from the mail. This motion was denied. The court instructed the jury that the checks in question were still legally within an authorized depository for mail when they were lying on the floor in the common hallway. The jury was also instructed that it could not find the appellant guilty unless it found beyond a reasonable doubt that the letters containing the checks were in the mail at the time they were stolen (an essential element of a section 1708 violation).

The jury convicted Nolan. She raises four issues on appeal, framed as follows: (1) whether the district court erred as a matter of law in ruling that the letters containing the checks were still in the mail as they lay on the floor beneath the slot; (2) whether the district court erred as a matter of law in not ruling that the checks were no longer in the mail once they had been lawfully removed from the floor; (3) whether the district court erred as a matter of law in taking away an issue of fact from the jury; (4) whether the district court erred as a matter of law in not ruling that there was a fatal variance between the information and the proof at trial. All issues revolve around Nolan's contention that once the mail had been delivered and fallen to the floor within the dwelling, it was no longer within the purview of 18 U.S.C. § 1708.

Nolan was convicted of violating 18 U.S.C. § 1708 which makes it a crime to take "from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier ..." 18 U.S.C. § 1708 (1982). Section 1708 also prohibits the possession of any items so taken.

Nolan relies principally on two decisions of district courts in Texas, *United States v. Thomas*, 361 F.Supp. 978 (N.D.Tex.1973) (mail parcel delivered to the addressee's front porch was held not within the ambit of section 1708) and *United States v. Askey*, 108 F.Supp. 408 (S.D.Tex.1952) (theft of a letter dropped through a slot in the door of a single residence was held not within the scope of section 1708). However, this court rejected the reasoning behind those cases in *United States v. Lavin*, 567 F.2d 579 (3d Cir.1977), and that decision informs our holding in this case.

In *Lavin,* defendant stole mail that had been addressed to someone in a neighboring apartment but which had been misdelivered by placing it under defendant Lavin's door. Lavin argued that section 1708 did not govern because misdelivered mail was not taken from an authorized receptacle. This court rejected that narrow construction of the scope of section 1708. We recognized that in framing section 1708 Congress was not as specific as it was when it drafted 18 U.S.C. § 1702, which makes it a crime to take mail "before it has been delivered to the person to whom it was directed" whether or not it was in an authorized receptacle at the time of the theft. However we concluded that although section 1708 is not as explicit as section 1702, it has a similar reach.

The reasoning in *Lavin* applies equally here even though there was no misdelivery. *Lavin* cited with approval the Second Circuit's statement that "Congress intended to protect mail left at the addressee's front door as well as letters left in the addressee's mailbox." *United States v. Lopez,* 457 F.2d 396, 399 (2d Cir.), *cert. denied,* 409 U.S. 866, 93 S.Ct. 162, 34 L.Ed.2d 114 (1972), *cited in Lavin,* 567 F.2d at 582. We also agree with *Lopez* that "the statute ... was broadly conceived to assure the proper functioning of the postal system." *Lopez,* 457 F.2d at 398.

■ It is not unusual for multifamily dwellings to have only a single mail slot for all mail addressed to the building's inhabitants rather than a mail box for each unit. Were mail delivered through such a slot to drop into a box, it is clear that the box would be an "authorized depository for mail matter." *See Rosen v. United States,* 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406 (1918) (unlocked boxes in common hallway of a building are authorized mail depositories of the tenant businesses). *See also United States v. Lopez,* 457 F.2d at 398–99 (section 1708 covered the taking of mail left in front of addressee's door because "mail route" includes an addressee's doorstep). Where, as in this case, there are no such boxes and the floor in the common

hallway rather than an enclosed box is the resting spot, that area must be considered a "mail receptacle" for purposes of section 1708. Under the earlier authority in this court, the district court did not err as a matter of law in its construction of 18 U.S.C. § 1708.

■ We reject Nolan's additional argument that even if the mail was still within the protection of section 1708 when it lay on the floor, she obtained lawful possession of it when she removed it from the floor. Unlike *United States v. Patterson,* 664 F.2d 1346 (9th Cir.1982), and *United States v. Logwood,* 360 F.2d 905 (7th Cir.1966), where the mail was delivered to someone who had an agency relationship with the addressee, Nolan failed to prove any such authorization to receive Evans' mail.

Nolan's third and fourth arguments also must fail. The court was entitled to instruct the jury on a matter of law, whether mail that has passed through a mailslot was still legally within an authorized depository for mail matter. The answer to that question depends upon the interpretation and application of legal concepts. Nolan's additional objection that the instruction assumed historical facts which were for the jury to decide was not raised in the district court.

Since the checks can be construed as stolen from the mail there was no prejudicial variance between the information and the proofs.

For the foregoing reasons, we will affirm the judgment of conviction.