UNITED STATES, Appellee

v

ABRAHAM PEOPLES, Basic Airman, U. S. Air Force, Appellant

7 USCMA 534, 22 CMR 324

No. 8872

Decided January 25, 1957

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis P. Murray,* and *Major Fred C. Vowell.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted by general court-martial for violations of Article 134, Uniform Code of Military Justice, 10 USC § 934, three specifications alleging that he stole certain letters from the squadron mail room, and of three violations of Article 121, 10 USC § 921, alleging that he stole divers sums of money contained in the stolen letters. He was sentenced to a dishonorable discharge, total forfeitures, and confinement for two years. The findings and sentence were approved by the convening authority and the board of review. The accused petitioned this Court and was granted review on the following issue:

Whether the specifications of Charge I are sufficient.

A postal inspector and an Air Force investigator prepared decoy letters, which contained marked bills, and placed them in the Keesler Air Force Base Postal Station. They were conveyed through military mail channels to the 3390th Students' Squadron Mail Room, where the accused was a mail clerk. Since the addressees on the "test" letters were no longer squadron members, standing operating procedure called for a return of the letters to the base locator for forwarding. The letters were not returned. Thereupon, the accused was taken into custody and, with his commanding officer's permission, searched. Although the letters were not found, two of the marked bills were discovered in his billfold. The accused, advised of his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831, made a statement wherein he admitted opening the letters and taking the money.

The pertinent parts of the three specifications of Charge I allege that the accused did steal letters addressed to certain persons while the letters were "then in the Squadron Mail Room of 3390th Student Squadron, Keesler Air Force Base, Mississippi," before the letters were delivered. The accused argues that the specifications were fatally defective because in United States v Lorenzen, 6 USCMA 512, 20 CMR 228, this Court declared that where interference with the mail is the offense sought to be charged, "mail matter" must be alleged either directly or by fair implication. The defense takes the literal position that the above specification fails to contain the magic words "mail matter" either expressly or impliedly and hence the specification fails to allege an offense.

In United States v Lorenzen, supra, the accused was convicted by general court-martial on a specification alleging that he opened a package addressed to another before the package was received by the addressee. The Court stated:

". . . Thus we take it as established that the character of the matter tampered with or obstructed as within the aegis of the Postal Service, or its military counterpart or supplementary service, must be alleged in the specification, either directly or by fair implication, to render the allegation immune to attack."

It will be noted that unlike the specification in the Lorenzen case, which

**535**

merely alleged that the accused opened a package addressed to another, in the instant case the specifications specifically allege that the letters in question were "then in the Squadron Mail Room"; hence, they would appear to have been within the aegis of the Postal Service, or its military counterpart or supplementary service.

The Army and Air Force Postal Service Regulation (Army Regulation 65–75; Air Force Manual No. 182–3, dated March 5, 1956) provides for the establishment of unit mail rooms. Paragraphs 4a and b state:

"*Unit mail rooms and postal equipment. a.* A separate mail room will be provided for each unit. Commanders will provide sufficient space and equipment for use of the unit mail clerk. The space provided must be such that it will furnish adequate security for the mail and will be maintained in an orderly condition at all times. Doors will be provided with locks, windows will be barred or covered with heavy wire mesh, and walls of beaver board or soft material will be reinforced to prevent forcible entry. Nothing will be kept therein except minimum essential furniture, mail, and mail records. Unit mail rooms will not be used as living quarters. Under combat or field conditions, unit commanders may require mail clerks to sleep therein as a security measure.

"*b.* The only personnel authorized to enter unit mail rooms are the unit commander, unit postal officer, authorized unit mail clerk, alternate unit mail clerk, and those officers, noncommissioned officers, and postal inspectors on official inspections or visits. DD Form 1115 (Mail Call) will be completed and attached to the door of the mail room."

From the above regulation it seems as though a unit (defined as a squadron, flight, or similar organization) mail room is a place which exclusively handles mail, and a charge that the accused stole a letter therefrom would logically put the accused on notice that he is being charged with stealing mail matter. Such a specification would appear to fall squarely within the prohibitions of Title 18 USC § 1702, which we held in Lorenzen, supra—at least for comparison purposes—was similar to the mail offenses condemned in military law. We there stated:

"The basic Federal statute designed to protect the Postal Service which is pertinent here is 18 USC § 1702. This enactment was based on 18 USC, 1940 ed, § 317, and provides:

'Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.'

"Both parties before us have conceded in their briefs that the military offense was patterned upon this statute. The differences between the two are the result of problems peculiar to the military. The basic Federal act quite clearly requires that the object be 'mail matter' in the custody of the United States Postal Service or its agents, and the changes made to tailor the offenses to the needs of the military community do not eliminate that requirement."

In United States v Askey, 108 F Supp 408 (SD Tex) (1952), cited with approval in Lorenzen, supra, the Federal District Court asserted:

"Omitting formal parts, Count 2 charges that defendant unlawfully abstracted and removed 'from a letter addressed to Annice Beatrice Brown * * * the contents of such letter' —a described Treasury check. There is no allegation that the letter, from which defendant abstracted the treasury check, was a *mailed letter or one which had been removed from some*

*office, station, letter box, receptacle or authorized depository.* The language last quoted above from the statute prohibits the abstracting or removing from 'such letter,' clearly referring back to the first part of the statute, dealing with letters *in the mails, or taken from some post office, receptacle or depository."* [Emphasis partially supplied.]

In the present case, as distinguished from Lorenzen and Askey, supra, according to the Air Force Manual, the squadron mail room is clearly a military "post office" or "authorized depository." Although it is technically not an agency of the Federal Post Office Department, it is the military counterpart, and except for its military status it would appear to allege an offense under Title 18 USC § 1702. We feel, therefore, that it sufficiently alleges an offense under Article 134. As this Court stated in United States v Scioli, 7 USCMA 502, 22 CMR 292:

"It would seem that the board of review in this case attached special importance and significance, to the words 'mail matter' or 'Postal Service,' terms which may be found in Lorenzen, and therefore concluded that, absent some such descriptive phrase, the specification must fail. Yet we ourselves did not intend to imply that a pleader must, a priori, characterize the subject matter in those terms. We intended to, and did, say no more than that the specification must in some fair manner indicate that a written communication had been deposited for delivery within an official channel for such matters, and that it had been tampered with or taken while in that channel, if it was to be sufficient to allege an offense against the mails. We carefully pointed out that the military offense of interference with the mails under Article 134 was no doubt broader than its civilian counterpart —and necessarily so."

Turning now to the Federal decisions, we find that indictments similar to the charges in this case, have been held sufficient. In Bowers v United States, 148 Fed 379 (CA8th Cir) (1906), an allega-

tion that the accused stole a letter from the post office was held sufficient.

". . . The statute creating and defining the offense of which Bowers was charged and convicted was designed to preserve the sanctity of the mails, not merely to punish the theft of another's property. United States v. Falkenhainer (C. C.) 21 Fed. 624; United States v. Trosper (D. C.) 127 Fed. 476. It will be observed that the indictment follows the language of the statute quite closely. It is made an offense 'to steal from the post office any letter.' The indictment charges that Bowers unlawfully and feloniously stole from a designated post office a letter of a specified description. This is sufficient, without further averment that the letter was in the post office for transmission through the mails."

Cf. Goode v United States, 159 US 663, 16 S Ct 136, 40 L ed 297 (1895).

In Maxwell v United States, 235 F2d 930 (CA8th Cir) (1956) the Court went even further than the facts carry us here. In that case the accused was charged with stealing a letter which had been in a post office, an authorized depository for mail service, before it had been delivered to the person to whom it was directed. The evidence, however, showed that the letter had been taken from a hall table. The Court of Appeals held that anyone who takes mail before it is delivered to an addressee with a design to obstruct correspondence or embezzle the same, even though the stolen letter *was not* at the time it was stolen in an authorized depository for mail matter, is guilty of violating Title 18 USC § 1702.

We believe the specification in this case contained the elements of the offense sought to be charged, sufficiently apprised the accused of what he was required to meet in the way of proof, and the record is sufficient to enable him to avoid another prosecution for the same offense. This is substantially the test which is laid down in paragraph 87a(2), Manual for Courts-Martial, United States, 1951, and adopted by the Court since its inception. United States v Marker, 1 USCMA 393, 3 CMR

**537**

127; United States v Snyder, 1 USCMA 423, 4 CMR 15; United States v Steele, 2 USCMA 379, 9 CMR 9; United States v Sell, 3 USCMA 202, 11 CMR 202; United States v Lorenzen, supra; United States v Jack, 7 USCMA 235, 22 CMR 25; United States v Mitchell, 7 USCMA 238, 22 CMR 28. The Federal authorities are to the same effect. See Berger v United States, 295 US 78, 55 S Ct 629, 79 L ed 1314; Claiborne v United States, 77 F2d 682 (CA 8th Cir) (1935); Laska v United States, 82 F2d 672, 678 (CA10th Cir) (1936); Wolpa v United States, 86 F2d 35 (CA 8th Cir) (1936), cert den 299 US 611, 57 S Ct 317, 81 L ed 451. The technicalities of common law pleading have long since passed from the scene in the military as in civilian law. As the Supreme Court stated in United States v Debrow, 346 US 374, 74 S Ct 113, 98 L ed 92 (1953), "The Federal Rules of Criminal Procedure were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure."

Here the communications involved were stamped and addressed letters which, as the court stated in Hyney v United States, 44 F2d 134, 136 (CA 6th Cir) (1930), and reaffirmed in Wolpa v United States, supra, "When thought of in connection with the post office establishment, the term 'letter' signifies a communication inclosed, sealed, and stamped and being carried as first-class mail." The letters were taken from the squadron mail room, a military "post office" or "authorized depository." The accused was apprised of these matters by the pleadings. He can demand no more.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.