UNITED STATES, Appellee

v

RALPH H. PITCHER, Basic Airman, U. S. Air Force, Appellant

9 USCMA 119, 25 CMR 381

No. 10,777

Decided April 4, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Lieutenant Colonel Robert O. Rollman* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel James R. Thorn* were on the brief for Appellee, United States.

Opinion of the Court

HOMER FERGUSON, Judge:
The events which transpired follow-ing the accused's uninvited presence in the bedroom of a WAF resulted in his

subsequent trial by general court-martial for the offenses of assault and battery, indecent assault, unlawful entry and communicating a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934. He pleaded not guilty to these offenses and contended at trial that he remembered absolutely nothing concerning the incident because of the high degree of intoxication he was under at the time. The court-martial, however, under proper instructions, found him guilty as charged.

In this Court, as before the board of review, the accused claims that he was prejudiced by certain advice contained in the post-trial review. In particular, he attacks that portion of the review in which the staff judge advocate discusses the effect evidence of the accused's voluntary intoxication had upon the court's findings of guilt of indecent assault and concluded:

". . . the resolution of the question dealing with the accused's ability to entertain a specific intent cannot be determined to be erroneous as a matter of law and any effort to alter the findings would be a substitution of this reviewer's discretion for that of the fact finding body."

Standing alone, this passage might well be construed as having conveyed to the convening authority an erroneous impression respecting the standard to be applied in reviewing the accused's conviction. Cf. United States v Grice, 8 USCMA 166, 23 CMR 390; United States v Johnson, 8 USCMA 173, 23 CMR 397. However, this passage cannot be read *in vacuo* and when considered in relation to the entire review, the accused could not have been prejudiced. In a paragraph preceding this statement the reviewer had resolved "the factual question as to whether or not the accused's ability to entertain a specific intent has been so impaired through the use of alcohol" by independently arriving at a determination that the accused was guilty beyond a reasonable doubt. A careful reading of the review wherein the evidence as to each offense is thoroughly discussed and analyzed reveals numerous instances where such terms as—"this evidence is sufficient to show that"; "it is felt that the Government has shown beyond a reasonable doubt"; "the evidence reveals that"; "viewing the evidence presented"; "there is sufficient evidence present"; "the factual situation disclosed here"—are used. Accordingly, we are convinced that the convening authority fully realized that the staff judge advocate had satisfied himself of the accused's guilt beyond a reasonable doubt and that the accused had been accorded "a redetermination of all factual issues raised before the court-martial." United States v Fields, 9 USCMA 70, 25 CMR 332.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.