UNITED STATES, Appellee

v

GENE L. GEIB, Basic Airman, U. S. Air
Force, Appellant

9 USCMA 392, 26 CMR 172

No. 10,858

Decided June 20, 1958

*Captain John H. Leonard* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Lieutenant Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Among the offenses for which the accused was tried and convicted are two relating to a Class Q Allotment. Each is set out as a violation of Article 107, Uniform Code of Military Justice, 10 USC § 907. Specification 1, Additional Charge I, alleges that the accused filed an official request for discontinuance of his Class Q Allotment, but that the document was false because the accused was not in fact divorced as he represented. Specification 2 of the same Charge alleges that the accused made false official statements to an agent of the Office of Special Investigations when he told the agent that he had been divorced and that he had received from his former wife a copy of the divorce decree.

The first issue presented for our consideration is whether specification 2 states an offense under Article 107. In United States v Washington, 9 USCMA 131, 25 CMR 393, and United States v Aronson, 8 USCMA 525, 25 CMR 29, we held that a statement to a law enforcement agent by a person accused or suspected of an offense is not within the scope of Article 107. We pointed out, however, that

**393**

when the declarant has an independent, official obligation in the matter under inquiry, and he agrees to speak in response to that obligation rather than remain silent, as he has a right to under Article 31, Uniform Code of Military Justice, 10 USC § 831, his statement falls within Article 107. The Government contends that applicable statutes and regulations require a change in status in order to terminate a Class Q Allotment. Consequently, the argument continues, the accused's representation that he had been divorced and had received a copy of the decree was official because it showed the necessary change in status. The argument disregards the fact that the accused made virtually the same statements in the official Department of Defense form almost a year earlier, and these actually initiated his request for discontinuance. These earlier statements, not those to the agent, were the official statements which provide the operative facts to effect discontinuance of the allotment. The later representations were unquestionably made in an investigation into the accused's commission of an offense, not in an inquiry into whether he desired to end his allotment. Therefore, the statements to the agent were not official within the meaning of Article 107. United States v Washington, supra.

For his second assignment of error the accused contends that Prosecution Exhibit 13 does not constitute evidence of a previous conviction, and should not have been admitted during the sentence procedure. The exhibit shows that the accused absented himself without authority on November 3, 1955. He was tried for a violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, by a special court-martial on January 5, 1956. The conviction was finally approved by the convening authority on the same day. With the exception of specification 1, Additional Charge I, which alleges an offense committed in July 1955, all the offenses for which the accused was convicted here were committed after November 3, 1955. Thus, the November 1955 unauthorized absence conviction is previous to all but one of the several offenses

of which the accused now stands convicted. The question then is whether the exception precludes admission of the record of conviction.

Paragraph 75b(2), Manual for Courts-Martial, United States, 1951, provides as follows:

"The trial counsel will next introduce evidence of any previous convictions of the accused by courts-martial. Such evidence is not limited to offenses similar to the one of which the accused stands convicted. The evidence must, however, relate to offenses committed during a current enlistment, voluntary extension of enlistment, appointment, or other engagement or obligation for service of the accused, and during the three years next preceding the commission *of any offense of which the accused stands convicted.*" [Emphasis supplied.]

The accused contends the word "any" in the cited paragraph means "all." On the other hand, relying upon a number of board of review decisions, the Government maintains the word means "one of several." It argues that, if at least one of several offenses charged is subsequent to an offense for which the accused has been previously convicted, evidence of the previous conviction is admissible. United States v Robinson, 7 CMR 618; United States v Brody, 5 CMR 264.

One of the notable differences between military practice and the procedure in the Federal criminal courts appears in connection with the joinder of offenses. Separate counts in a single indictment in the Federal area must be related; in the military, with but one exception, all known offenses can properly be joined in a single charge sheet, whether or not the offenses are related. United States v Keith, 1 USCMA 442, 4 CMR 34. In military law later offenses can be added to the same charge sheet. See Feld, A Manual of Courts-Martial Practice and Appeal, § 13 (1957). In the civilian practice, however, later offenses are set out in a separate indictment, and if the later indictment is to be tried with

the original, the two indictments must be consolidated for trial by appropriate order. Rule 13, Federal Rules of Criminal Procedure; see Calvaresi v United States, 216 F2d 891 (CA 10th Cir) (1954). Military law therefore contemplates that, in a general way, at least, each specification on the charge sheet is separate and distinct. This characteristic was emphasized in United States v Gann, 3 USCMA 12, 11 CMR 12. In that case the accused was charged with two offenses, one of which was capital. Under the Uniform Code, deposition testimony cannot be admitted against an accused in a capital case. Article 49(d), Uniform Code of Military Justice, 10 USC § 849. We held that, despite the presence of a capital charge, a deposition was admissible in connection with the specification alleging the noncapital offense.

Recognition of the separateness of each specification on a single charge sheet leads to the conclusion that a conviction is admissible if it is previous to any one of the several specifications of which the accused stands convicted. The conclusion appears clearly in the 1921 Manual provision on the subject. That Manual authorized use of evidence of previous convictions which occurred within "three year preceding the commission *of any of the offenses* of which he [the accused] stands convicted before the court." The language highlights the separateness of the specifications. Later Manuals, including the present, dropped "of the" from the underscored passage, but clearly no change in meaning was intended. We hold, therefore that Prosecution Exhibit 13 was properly admitted in evidence.[1]

Finally, the accused contends there are material errors in the post-trial review by the staff judge advocate. He maintains the staff judge advocate did not adequately advise the convening authority on the factual sufficiency of the evidence. We have read the review with care. It contains a comprehensive discussion of the facts. Throughout, the assistant staff judge advocate who prepared the review points out that various items of evidence "established" the several facts necessary for the proof of each charge. Reading the discussion one cannot reach any conclusion but that all *factual* issues were considered and commented upon by the staff legal officer. United States v Murphy, 9 USCMA 316, 26 CMR 96; United States v Pitcher, 9 USCMA 119, 25 CMR 381. We find no merit in this claim of deficiency.

A second purported defect in the post-trial review is the notation regarding the maximum period of confinement. The period is described as 13 years. The accused contends this is erroneous because it reflects confinement for one year, instead of three months, for the false official statement charge set out in specification 2, Additional Charge I. The contention is correct. Since the specification does not allege a violation of Article 107, we think it better to return the case to the board of review for reconsideration of the sentence. Cf. United States v Helfrick, 9 USCMA 221, 25 CMR 483.

The findings of guilty of specification 2, Additional Charge I, are set aside and the specification is ordered dismissed. The sentence is set aside, and the record of trial is returned to The Judge Advocate General of the Air Force for submission to the board of review for reassessment of the sentence.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur generally in that part of the Court's opinion which holds the evidence of previous convictions was admissible, but I dissent on the issue of

---

[1] We express no opinion on whether the evidence of previous convictions can be considered on the same basis for the purpose of imposing additional punishment under the provisions of paragraph 127c, Section B. See United States v O'Shana, 6 CMR 816. We also observe that in the instant case it might be appropriate for the court-martial to be given an instruction limiting the applicability of the previous convictions.

whether the specification states an offense. The last mentioned issue requires a determination of the sufficiency of the specification but, as I read the Court's opinion, their reversal seems to be predicated on the sufficiency of the evidence to sustain the finding. I find nothing in the specification which mentions the prior execution of a false official document, and I fail to understand why testimony concerning that offense undercuts the allegations of the pleadings.

Assuming the sufficiency of the evidence is embraced within the issue, I believe it ample to sustain the findings. While, as the majority opinion states, the making and using of a false official document was the subject matter of another specification, that does not bar prosecution of a subsequent false statement. A service man has a right to designate a new allottee, and there is a duty on the part of the Government to investigate and determine the regularity of his request for change of allotment if doubt is cast on its validity. Here, irregularities were raised, and both the Government and the accused had an interest in the proper determination of their respective rights. If the accused believed his answers might lead to prosecution, he had the privilege to remain silent. He was so informed, but he disregarded the advice.

In United States v Aronson, 8 USCMA 525, 25 CMR 29, the Chief Judge, speaking for a majority of the Court, stated:

". . . Whether judged from the Government's position or from the accused's standpoint, the questions asked by the agent and the answers given by the accused were 'official' within the meaning of Article 107."

In this instance, if we use the same test for judging, the statement given by the accused was official.

I would affirm the decision of the board of review.