UNITED STATES, Appellee

v

LEON GREEN, Private E–1, U. S. Army, Appellant

9 USCMA 585, 26 CMR 365

No. 11,427

Decided September 12, 1958

*First Lieutenant Thomas F. Shea* argued the cause for Appellant, Accused. With him on the brief was *Captain John F. Christensen*.

*First Lieutenant Chester F. Relyea* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee, Major Thomas J. Nichols,* and *First Lieutenant William H. Keniry.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused pleaded guilty to housebreaking, escape from confinement, and absence without leave, in violation of Articles 130, 95, and 86, Uniform Code of Military Justice, 10 USC §§ 930, 895, and 886, respectively. The housebreaking was committed March 28, 1957, and the other two offenses on or about May 17, 1957.

At trial the prosecution introduced evidence of two previous convictions, the first for an offense committed January 18, 1957, and the second for offenses committed April 1 and 4, 1957.

Appellant raises two issues before this Court. He first contends that the court-martial erred when it considered a conviction of an offense which occurred subsequent to one of the offenses charged. The conviction for the April 1 and 4 offenses was prior to the date of the commission of the absence without leave and escape from confinement but subsequent to the housebreaking offense. United States v Geib, 9 USCMA 392, 26 CMR 172, is dispositive of this issue. There we held that a conviction is admissible if it is previous to any one of the several specifications of which the accused stands convicted. Such is the case here and the evidence of previous convictions was properly admitted. The better practice, however, would require an instruction that the court-martial limit its consideration of previous convictions to determining the sentence for subsequent offenses and not consider the previous convic-tions in assessing sentence as to any offenses occurring prior thereto.

The second contention of appellant is that the offenses of absence without leave and escape from confinement alleged herein are multiplicious. Both offenses were alleged to have occurred on or about May 17, 1957, and from the same place, viz., the post stockade. The unauthorized absence constitutes part of the proof of the escape from confinement offense. Where a period of unauthorized absence constitutes part of the proof of an offense of escape from confinement, the offenses are not separately punishable. United States v Welch, 9 USCMA 255, 26 CMR 35; United States v Modesett, 9 USCMA 152, 25 CMR 414. However, the effect of multiplicious charges is ordinarily limited to the sentence. United States v Posnick, 8 USCMA 201, 24 CMR 11. The law officer in the instant case properly instructed the court-martial that the maximum permissible punishment was dishonorable discharge, total forfeitures, and confinement at hard labor for six years. This is the permissible punishment treating the absence without leave and escape from confinement as multiplicious. The prejudice found in *Posnick,* supra, in failing to give a comparable instruction, is thus lacking here. Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge LATIMER concurs in the result.