UNITED STATES, Appellee

v

WILLIAM SEARLES, Jr., Airman Basic, U. S. Air Force, Appellant

14 USCMA 643, 34 CMR 423

No. 17,439

July 2, 1964

Major James E. Caulfield argued the cause for Appellant, Accused. With him on the brief was Colonel Daniel E. Henderson, Jr.

Colonel Emanuel Lewis argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

This appeal brings up for review the law officer's instructions on the sentence. The accused was convicted of eight specifications of forgery and four specifications of larceny, in violation of Articles 123 and 121, Uniform Code of Military Justice, 10 USC §§ 923 and 921, respectively. The offenses involved four checks. On different days, the accused forged the name of the drawer to a check, and cashed it as the designated payee. In separate specifications, the accused was charged with the making, the issuing, and the cashing of each check.

At trial, the law officer instructed the court-martial that the maximum confinement was twenty years. Apparently, he considered that each group of specifications alleging the making, the issuing, and the cashing of a check constituted a single offense for the purpose of punishment.[1] He did not, however, instruct the court-martial that the offenses were less numerous than appeared from the findings of guilty. The accused contends the omission was prejudicial to him in that the number of apparent offenses could reasonably have influenced the court-martial to adjudge a more severe punishment than it might have imposed under limiting instructions. On the other hand, the Government maintains that if the law officer erred at all, he erred in favor of the accused because forging and uttering are separately punishable acts; and, therefore, the maximum confinement to which the accused was subject was forty years. United States v Gibbons, 11 USCMA 246, 29 CMR 62.

Under the Government's argument of the separability of punishment of making and uttering a forgery, the law officer's misstatement of the maximum punishment so clearly benefited the accused that there is no reasonable basis whatever to claim the failure to specify the number of offenses upon which the maximum was predicated was prejudicial to him. However, apart from whether the maximum period of confinement to which the accused was subject was twenty years or forty years, there is no merit in his allegation of prejudice. In United States v Green, 9 USCMA 585, 26 CMR 365, the accused was found guilty of housebreaking, escape from confinement, and absence without leave. The latter two offenses were committed at the same time, and were not separately punishable. As a result, the maximum punishment for these two apparently separate offenses was one year, rather than one year for the confinement offense and one year for the absence offense. The law officer instructed the court-martial that the maximum sentence included confinement at hard labor for six years. He did not inform the court-martial that the escape and unauthorized absence offenses were not separate for punishment purposes. The accused was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The case came to this Court to review the effect of the law officer's failure to advise the court-martial that for sentence purposes there were two, not three offenses. We held that the omission did not prejudice the accused.

To the extent the law officer here instructed on the maximum for all the offenses, this case is like United States v Green, supra. See also United States v Nelson, 3 USCMA 482, 484, 13 CMR 38; United States v Peoples, 22 CMR

---

[1] The parties agree that the uttering and the larceny specifications were not separate acts for the purpose of punishment. See United States v Jackson, 13 USCMA 66, 32 CMR 66; United States v Tucker, 29 CMR 790. They disagree as to whether, under the circumstances of the case, the making and uttering specifications are subject to the same limitation. See United States v Gibbons, 11 USCMA 246, 29 CMR 62.

772, affirmed, 7 USCMA 534, 22 CMR 324. In addition, the adjudged penalty is far below the maximum given by the law officer. It ·is so substantially less that it provides compelling proof the court members were not adversely disposed toward the accused by reason of the apparent number of offenses committed by him. As in the *Green* case, therefore, we conclude that the accused was not prejudiced by the law officer's failure to apprise the court-martial of the multiplicious nature of some of the findings of guilty.

The decision of the board of review is affirmed.

Judge KILDAY concurs.

FERGUSON, Judge (dissenting):

I dissent.

In my opinion, the law officer's failure, in his instructions on the sentence, to inform the members of the court-martial that the offenses alleged against the accused were but one crime for the purposes of punishment was prejudicially erroneous. While the principal opinion concedes the existence of such error, it finds lack of prejudice in the fact that, assuming correct advice on the proper maximum sentence, the court-martial adjudged only dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years, such penalty amounting to one-tenth of the permissible confinement.

In United States v Gibbons, 11 USCMA 246, 29 CMR 62, and United States v Wisehart, 11 USCMA 251, 29 CMR 67, this Court held forgery and uttering of the same document on the same day to constitute separately punishable offenses. In those cases, I dissented on the basis that Uniform Code of Military Justice, Article 123, 10 USC § 923, provided only for a single offense of forgery which might be committed either through falsely making a document or uttering a falsely made paper. And where a statute merely punishes a single offense and sets out different ways in which it may be committed, such acts are not separate for sentencing purposes, but merge into one crime. United States v Rosen, 9 USCMA 175,

25 CMR 437; United States v Smith, 7 USCMA 102, 21 CMR 228; United States v Redenius, 4 USCMA 161, 15 CMR 161. I adhere to these views, which I yet believe to be soundly conceived. When they are applied here, together with the position of the parties before us that the utterings and the larcenies were multiplicious, it is apparent the law officer's instruction on the maximum sentence imposable was correct.

But the propriety of the maximum sentence is not the only aspect of multiplicity. Equally important is the question whether the "exaggeration of a single offense into many seemingly separate crimes . . . create[s] the the impression that the accused is· a 'bad character'." United States v Middleton, 12 USCMA 54, 58, 30 CMR 54, 58; United States v Posnick, 8 USCMA 201, 24 CMR 11. As we said in the latter case, at page 205:

"We think that the prejudice in the error goes deeper than merely affecting the maximum amount of punishment. This is only the reflection of the prejudice. The prejudice is that the accused has not had a determination of his sentence on the basis of the single offense he has committed. *When this offense is made to appear more numerous than it actually is, by semantical manipulation, the jury must consider only the offense committed by him. Thus, in cases of multiplicity, the law officer, or the president of a special court-martial, must instruct in open court that the maximum sentence imposable is different than the apparent total imposable because of the effect of multiplicity on sentence consideration.*" [Emphasis supplied.]

That is the error which is present here, for the law officer, despite the multiplicity involved, limited himself to advising the court-martial of the correct maximum sentence. At no time did he inform the members that accused was actually to be punished for four criminal transactions—as opposed to twelve—and they were left free to adjudge a penalty on the basis of all the specifications before them. As we noted in United States v Posnick, supra, "we

**645**

have no way of knowing what sentence the court might have imposed had they been advised that for the purpose of punishment they could only consider" the four most serious counts. Just as in that case, therefore, I would find prejudice present in this record.

In this connection, I am fully aware of our decision in United States v Green, 9 USCMA 585, 26 CMR 365, that, upon the facts of that case, no prejudice could be found in the failure of the law officer to inform the court-martial it should treat the offenses of escape from confinement and absence without leave as a single crime. Indeed, I was the author of that opinion. There, however, the accused was, in addition to escape and unauthorized absence, convicted of a separate offense of housebreaking. The former offenses were comparatively minor and involved only confinement for one year, whereas the latter permitted a penalty extending to five years. Under such circumstances, it is not surprising we found

it unlikely the court-martial, having concluded the accused was a housebreaker, could reasonably have been affected by considering the other two crimes as separate. Cf. United States v Subia, 12 USCMA 23, 30 CMR 23. Here, however, insofar as the members knew, accused was eight times a forger and four times a thief. Under these facts, it would seem clear that a fair risk exists the members may have concluded these findings called for a more severe penalty than would have been imposed had it been properly instructed. United States v Posnick, supra; United States v Middleton, supra. The question of prejudice must be decided in each case on the basis of the record before us and, here, I disagree with the conclusion of my brothers that, because of our decision in Green, supra, the risk is nonexistent.

I would reverse the decision of the board of review and return the record for an appropriate reassessment of the sentence in light of the error.