UNITED STATES, Appellee

v

ROGER B. DESHAZOR, Private First Class,
U. S. Army, Appellant

14 USCMA 667, 34 CMR 447

No. 17,530

July 2, 1964

Colonel Joseph L. Chalk and Captain Charles W. Schiesser were on the brief for Appellant, Accused.

Lieutenant Colonel Francis M. Cooper and Captain John C. Cortesio, Jr., were on the brief for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial convicted the accused of unauthorized absence and missing movement, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 USC §§ 886 and 887, respectively, and sentenced him to a bad-conduct discharge, total forfeitures, confinement at hard labor for one year, and reduction in rank. The law officer instructed the court-martial on the correct maximum punishment which could be adjudged, but did not inform it that the offenses found were the same for sentence purposes. See United States v Posnick, 8 USCMA 201, 24 CMR 11.

The question before us is whether the accused was prejudiced by the failure to advise the court-martial as to the number of offenses upon which the maximum sentence was predicated. The issue was considered in United States v Green, 9 USCMA 585, 26 CMR 365. It was there held that since the law officer informed the court of the correct legal maximum penalty no prejudice could result. Since the Green case, supra, is controlling, the decision of the board of review is affirmed. See also United States v Searles, 14 USCMA 643, 34 CMR 423.

Judge KILDAY concurs.

FERGUSON, Judge (dissenting):

I dissent.

In United States v Searles, 14 USCMA 643, 34 CMR 423, I set forth fully my reasons for concluding that a law officer, or president of a special court-martial, must, in addition to giving a proper instruction on the maximum sentence, advise the court-martial that the multiplicious offenses of which it has convicted the accused are, in reality, one crime. United States v Posnick, 8 USCMA 201, 24 CMR 11. As in Searles, supra, this decision permits the court members to sentence the accused under the impression that he has committed a number of different crimes, so long as they are correctly informed concerning the permissible maximum sentence.

Such a view overrules *Posnick,* supra, and, to the detriment of the defendant, will lead, as it did here, to the imposition of near maximum penalties. The court-martial cannot but be impressed by the number of counts alleged against an individual, and to allow the sentencing process to be executed on the basis of apparently separate crimes which, for sentencing purposes, constitute no more than a single violation of the Code is so clearly wrong as to defy analysis. An accused should be punished for what he has done and not for that which the ingenuity of the draftsman of the charges indicates he has done.

I would reverse the decision of the board of review and return the case with directions to reassess the sentence or order a rehearing thereon.