UNITED STATES

v.

Airman First Class Wayne STOCKMAN, FR 213–62–9920 37th Tactical Airlift Squadron 4500th Air Base Wing (TAC).

ACM S24299.

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 October 1975.

Decided 11 Dec. 1975.

## 758

### DECISION

EARLY, Judge:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of stealing stereo equipment of a total value of $756.00, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for five months, to forfeit $175.00 per month for five months and to be reduced in grade to airman basic. The convening authority suspended the forfeitures in excess of $100.00 per month for five months until 6 May 1976, with a provision for automatic remission, but otherwise approved the sentence as adjudged.[1]

The accused has not requested appellate representation, but examination of the record discloses two matters warranting our attention.

■ On the cover sheet of the staff judge advocate's review, the "maximum sentence for offenses sustained upon review" is indicated as being a bad conduct discharge, confinement at hard labor for one year, total forfeitures and reduction to airman basic. Obviously this is incorrect as the indicated confinement and forfeiture maximums exceed the jurisdictional limits of a special court-martial. Code, supra, Article 19. Furthermore, since we cannot say with certitude that the convening authority did not predicate his approval of the sentence upon his staff judge advocate's erroneous advice, prejudice is apparent. *United States v. Roadcap*, 47 C.M.R. 15 (A.C.M.R. 1973); See, *United States v. Teitsort*, 9 U.S.C.M.A. 322, 26 C.M.R. 102 (1958); *United States v. Reams*, 9 U.S.C.M.A. 696, 26 C.M.R. 476 (1958); cf., *United States v. Garcia*, 23 U.S.C.M.A. 479, 50 C.M.R. 498, 1 M.J. 77 (1975). Notwithstanding the seri-

ousness of the accused's admitted crime, inasmuch as his case was referred to trial by special court-martial, he was entitled to have his punishment determined on the basis of the maximum limitations of that type of court.

■ Ordinarily, we would eliminate any possibility of prejudice by reassessing the sentence. *United States v. Geib*, 9 U.S.C. M.A. 392, 26 C.M.R. 172 (1958). However, because of the second irregularity detected herein, such corrective action would not be appropriate.

■ In *United States v. Goode*, 23 U.S.C. M.A. 367, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975), the United States Court of Military Appeals ordered that:

> on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ . . . be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. *Proof of such service*, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings. (Emphasis supplied.)

In the case before us, the post-trial review is dated 13 November 1975, and the convening authority's action was taken the following day. However, the record of proceedings does not contain any "proof" that a copy of the review was served on defense counsel pursuant to the *Goode* mandate. In addition, the record does not reflect that the defense counsel otherwise declined to take advantage of his opportunity to challenge the written review within 5 days of service thereof upon him. *United States v. Goode*, supra. We must assume, therefore, that the *Goode* mandate was ignored in this case.[2]

---

1. This case was convened by an officer exercising general court-martial jurisdiction. Manual for Courts-Martial, 1969 (Rev.), paragraph 91*b* (1).

2. The sole indication of a *Goode* compliance is a statement in the review, over the signature of the staff judge advocate, that "there is not appended a submission from counsel for the

accused which should be considered in conjunction with this review." If this statement was intended to constitute "proof of service" upon defense counsel, it clearly falls far short of that goal. Obviously, such proof must include an affirmative statement that the review was served on defense counsel together with the date of such service.

The Court of Military Appeals has not yet had occasion to review a case involving noncompliance with its *Goode* order. In our opinion, however, proper corrective action in such cases must include, as a minimum, returning the record for compliance therewith and, if appropriate, a new review and action. In the instant case, inasmuch as the review contains erroneous advice, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to an appropriate officer exercising general court-martial jurisdiction for a new review and action.

LeTARTE, Chief Judge, concurs.

FORAY, Judge, absent.