UNITED STATES

v.

**Airman David L. AUSTIN, FR 561–06–8094 616th Aerial Port Squadron Alaskan Air Command.**

**ACM 22250.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 March 1977.

Decided 13 Sept. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Major Alvin E. Schlechter and Captain William T. Snyder.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

HERMAN, Judge:

A general court-martial composed of a military judge convicted the accused of two specifications of larceny, in violation of the Uniform Code of Military Justice, Article 121, 10 U.S.C. § 921. The approved sentence is bad conduct discharge, confinement at hard labor for 11 months, total forfeitures and reduction to airman basic.

During the presentencing proceedings at trial, a special court-martial order was admitted, over defense objection, to show a previous conviction for wrongful sale of marihuana. Appellate defense counsel claim the conviction was not "previous" since it was not "final" in the sense intended by paragraph 75b (2), Manual for Courts-Martial, 1969 (Rev.). That paragraph reads, in pertinent part, as follows:

> Unless the accused has been tried for an offense within the meaning of Article 44(b), evidence as to the offense is not admissible as evidence of a previous conviction. . . . Therefore, no proceeding in which an accused has been found guilty by a court-martial upon any charge or specification shall, as to that charge or specification, be admissible as a previous conviction until the finding of guilty has become final after review of the case has been fully completed.

■ The court-martial order indicates that review was completed on 31 January 1977; the offenses for which the accused was convicted in that trial occurred in July and August of 1976. The present court-martial was held on 21 March 1977 for offenses occurring from October to December 1976. Defense counsel maintain that since the offenses in the present court-martial predated final review of the first conviction, such prior conviction was inadmissible. We cannot agree.

■ Previous convictions are not admissible if the offenses contained therein were committed at dates later than those charged at the trial in which they are offered. *United States v. Stanaway*, 12 U.S.C.M.A. 552, 31 C.M.R. 138 (1961); *United States v. Crusoe*, 3 C.M.R. 793, 14 C.M.R. 211 (1954). The controlling language of the *Manual* appears just before that which is quoted above, in paragraph 75b (2): "The evidence [of prior convictions] must, however, relate to offenses committed during the six years next preceding the commission of any offense of which the accused stands convicted."

The offenses of the previous conviction were committed prior to any of the offenses herein charged. Such previous conviction is admissible under the plain language of the *Manual*. However, counsel argue that the cases of *United States v. Green*, 9 U.S.C.M.A. 585, 26 C.M.R. 365 (1958) and *United States v. Miller*, 39 C.M.R. 450 (A.C.M.R. 1968) stand for the proposition that the previous conviction must be not only for offenses committed before the present court-martial, but also that the final review of the previous trial must predate the offenses for which he is being tried. Our reading of those cases and the *Manual* produces no authority for that view. In the *Green* case, one of the offenses in the prior conviction postdated an offense at trial; nevertheless, the Court of Military Appeals

held the conviction admissible, suggesting an instruction that the members of the court not consider the prior conviction in assessing sentence for offenses in the current trial which occurred prior to the date of any offense in the previous conviction. In the *Miller* case, the Army Board of Review stated,

> It is now well established that evidence of a previous conviction is admissible if it is previous to *any one* of the several specifications of which the accused stands convicted. In this case, appellant stands convicted of five offenses which occurred after 10 July 1976, the date when the special court-martial conviction was finally approved. That date, of course, was prior to the date of this trial. (Emphasis in original)

Counsel read too much into the indication in the Army Board decision that the conviction was finally approved; that fact is stated to show not only that the offenses were subsequent to those in the prior trial, but also that paragraph 75b(2) of the *Manual* had been satisfied, the latter being the key to admissibility in any event. See also *United States v. Geib*, 9 U.S.C.M.A. 392, 26 C.M.R. 172 (1958).

 We hold that a prior conviction is admissible as long as 1) final review is complete at the time it is offered and 2) one or more of the offenses in the former trial predate at least one of the offenses of which the accused is convicted in the current trial.* In the event one or more of the offenses in the former trial was committed after an offense in the current trial, we strongly suggest that a tailored instruction, as described by Judge Ferguson in *United States v. Green*, supra, be given by the military judge in a trial before members.

We accordingly find no merit in counsel's claim. An additional assertion of error contained in the accused's request for appellate representation is similarly without merit.

---

\* We do not intend, by this decision, to modify the standards enunciated in paragraphs 25 and 32c, Manual for Courts-Martial, 1969 (Rev.),

For the foregoing reasons, the findings of guilty and the sentence are

AFFIRMED.

BUEHLER, Senior Judge, and ORSER, Judge, concur.

relating to improper accumulation or saving up of charges and consolidation of charges.