## UNITED STATES

v.

**Airman Basic Randal J. ZIMMEL, FR 476–76–3217, United States Air Force.**

ACM S24685.

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Oct. 1978.

Decided 14 May 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by special court-martial, military judge alone, the accused was convicted, in accordance with his pleas, of wrongfully using marijuana and, despite his pleas, of wrongfully possessing marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for five months and forfeiture of $265.00 per month for five months.

In their sole assignment of error, appellate defense counsel contend that the record of trial proceedings does not contain any "proof" that a copy of the post-trial review of the staff judge advocate was served on the defense counsel pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). They therefore assert that the record should be returned for a new review and action.

In response, appellate government counsel have moved to file an affidavit and a copy of an electrical message which show that a copy of the review was served on the defense counsel on 21 November 1978, a date prior to the action of the reviewing authority on 19 December 1978.[1]

In opposition to the motion to file the aforesaid documents, appellate defense counsel cite our holding in *United States v. Stockman,* 1 M.J. 757 (A.F.C.M.R.1975) and *United States v. Hill,* 3 M.J. 295 (C.M.R. 1977). In *Stockman,* as here, the record failed to affirmatively show that a copy of the review of the staff judge advocate was served on the defense counsel for his comments. We there held:

In our opinion . . . proper corrective action in such cases must include, as

---

1. The motion for leave to file is granted.

a minimum, returning the record for compliance therewith and, if appropriate, a new review and action.

1 M.J. at 759.

In *Hill,* supra, there was no indication of actual service of the review on defense counsel, and the Court refused to assume such service. In both cases, however, there were errors in the reviews which, presumably, would have evoked defense counsel's comments.

Here, the material submitted by appellate government counsel establishes that the review was served on defense counsel, and he declined to offer comments. Further, the date of service was sufficiently early so that there was more than the five days allotted for comment. Thus, while there is a technical non-compliance with *Goode,* and our holding in *Stockman,* the net result is that the reviewing authority was furnished a proper review and defense counsel made no comments which should have been considered by the reviewing authority prior to his action.

While we find error in the fact that the record did not affirmatively show that the defense counsel was provided an opportunity to comment on the review, and we affirm our ruling in *Stockman,* we likewise find that such omission did not prejudice the accused. Returning the record to the reviewing authority for a new review where there is nothing new for his consideration would be a meaningless act and would violate the principle of judicial economy.[2] We will, therefore, consider the post-trial affidavit and message submitted by appellate government counsel as supplying the necessary compliance with *Goode.*

In spite of reaching this result in this case, we caution that had there been comments by defense counsel which should have been considered by the reviewing authority, we would return the record for a new review and action. Further, in the future we adjure staff judge advocates to avoid such issues by correctly showing in the record that proper service was made on defense counsel. This Court does not approve the practice of correcting omissions in the record of trial at the appellate level.

The findings of guilty and the sentence are

AFFIRMED.

ORSER and ARROWOOD, Judges, concur.

HERMAN, Judge, absent.

---

2. We have examined the review and find nothing materially prejudicial to any substantial rights of the accused. Article 59, Uniform Code of Military Justice, 10 U.S.C. § 859.