# UNITED STATES

v.

**Airman Derrick A. ALLEN, FR 158–66–1577, United States Air Force.**

**ACM 24866.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 April 1985.

Decided 19 Sept. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Conrad C. Baldwin, Jr., and Captain Raymond J. Hardy, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

During the sentencing portion * of the appellant's trial, the prosecution offered and the trial judge admitted, without objection, evidence of two civilian convictions. In a single assignment of error appellate defense counsel argue the prior convictions were not admissible because the "offenses contained therein were committed at dates later than those charged at the trial in which they [were] offered." *United States v. Austin*, 3 M.J. 1060 (A.F.C.M.R.1977).

Our decision in *Austin* was based on paragraph 75b(3), Manual for Courts-Martial, 1969 (Rev. ed.), which stated that evidence of prior convicitions must relate to

offenses committed during the six years next preceding the commission of any offense of which the accused stands convicted. The conditions of admissibility contained in the previous Manual provision were removed by R.C.M. 1001(b)(3)(A) of the 1984 Manual for Courts-Martial, which now states:

> (3) *Evidence of prior convictions of the accused.*
>
> (A) *In General.* The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged.

The six year limitation was deleted as was the requirement the prior conviction sought to be admitted relate to offenses committed before those that are the subject of the trial.

The analysis to R.C.M. 1001(b)(3)(A) makes it clear that the drafters of the current Manual for Courts-Martial meant to eliminate the previous restrictions on the admissibility of prior convictions. *See generally, United States v. Wright*, 20 M.J. 518 (A.C.M.R.1985). The prior convictions were properly admitted. The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MICHALSKI, Judge, concur.

---

* Following a guilty plea that was based on a pretrial agreement, the appellant was convicted of uttering worthless checks with the intent to defraud, larceny, attempted larceny and desertion. The approved sentence extended to a dishonorable discharge, confinement for 36 months, forfeitures of four hundred thirteen dollars per month for thirty six months and reduction to airman basic.